**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 19-10095-TPA |
| | : | |
| LARRY E. CHARLES, | : | Chapter 12 |
| SHIRLEY M. CHARLES, | : | |
| | : | Document No. |
| Debtors. | : | |

## CHAPTER 12 PLAN DATED MAY 16, 2019

I. <u>PLAN FUNDING</u>

Debtors propose a sixty (60) month Plan. The Plan will be funded from the revenue generated from Debtors' farming operation, which currently consists of the production and sale of dairy product. Debtors shall make sixty monthly (60) payments to the Chapter 12 Trustee in the amount of $3,800.00. Plan shall commence on July 1, 2019.

II. <u>DISTRIBUTION</u>

The Chapter 12 Trustee shall distribute the plan funding in accordance with the following disbursements:

A. <u>Administrative</u>

1. Administrative payments to the Chapter 12 Trustee shall be consistent with the United States Bankruptcy Code, Unites States Trustee's Guidelines, and only upon prior approval of the Bankruptcy Court.

2. An administrative payment or payments to Thompson Law Group, P.C. for any balance of compensation and reimbursement of costs and expenses as approved by the Bankruptcy Court. The disbursement schedule provided to the Chapter 12 Trustee will allow for estimated attorney's fees. Thompson Law Group, P.C. estimates that it will be requesting approximately $35,000.00 to be paid through the Plan. Any amount approved shall be paid in accordance with the Bankruptcy Code and as directed by the Court on a monthly and annual basis, or as directed by further order of Court, as funds become available until all approved fees have been paid in full.

B. <u>Priority creditors</u>

1. Internal Revenue Service (Claim No. 5 )

The priority clam of the Internal Revenue Service in the amount of $4,093.74 shall be paid

over 5 years at 0% interest in 5 annual payments of $818.75 each.

2. Pennsylvania Department of Revenue (Proof of Claim No. 1).

The priority unsecured claim of the Pennsylvania Department of Revenue in the amount of $519.59 be paid over 5 years at 0% interest in 5 annual payments of $103.92 each.

C. <u>Secured creditors</u>

Dividends shall be paid by the Chapter 12 Trustee to the following secured creditors as Plan funds are available. Said amounts shall be controlling unless a party successfully objects to the Plan.

   i. Monthly payments:

   a. CNH Industrial Capital America, LLC (Proof of Claim 6).

   CNH Industrial Capital America, LLC holds a security interest in Debtors' 2009 Case IH Magnum Tractor 275 (serial number Z9RZ02084), having a fair market value of $62,000.00.

   Debtors shall pay CNH Sixty-Two Thousand Dollars ($62,000.00), payable at 4% interest as follows: $847.47 each month for 84 months.

   b. CNH Industrial Capital America, LLC (Proof of Claim 7).

   CNH Industrial Capital America, LLC holds a security interest in Debtors' Case 420 skid loader, having a fair market value of $1,000.00.

   CNH Industrial Capital America, LLC holds a security interest in farm equipment (2006 Case 420 Skid Steer Loader Serial Number NGM412640) as listed on Debtors' Schedules. Debtors shall pay CNH One Thousand Dollars and No Cents ($1,000.00), payable at 4% interest as follows. $18.42 each month for 60 months.

   c. Venango County Tax Claim Bureau (Proof of Claim 4).

   Venango County Tax Claim Bureau holds secured tax liens against Debtors' real property. Debtors shall pay Venango County Tax Claim Bureau its claims according to the following terms:

   i. County 2013 through 2018 tax years: $13,165.21 at 5.25% over 60 months with monthly payments of $187.63 each.

   ii. City/Borough/TWP 2013 through 2018 tax years: $2,377.98 at 5.25% over 60 months with monthly payments of $33.89 each.

   iii. School 2013 through 2018 tax years: $40,191.66 at 5.25% over 60 months with monthly payments of $572.79 each.

   d. Farm Service Agency (Proof of Claim 2)

   Farm Service Agency holds a security interest in Debtors' real property. Debtors shall pay the secured claim in the amount of $117,153.14, which includes $100,639.23 of principal and $16,513.91 of interest through February 4, 2019, over a 15 year period at the FSA June 2015 rate of 2.375%, in 180 equal monthly

        payments of $774.29.  The first 60 payments will be paid through the plan, and the remaining 120 payments owed to Farm Service Agency shall be made directly to Farm Service Agency by the Debtors with all liens being released upon the final payment.

    e.    Wells Fargo Financial Leasing (No Proof of Claim filed)

        Debtors shall pay Wells Fargo in the total amount $1,180.00 on a purchase option for equipment, with 60 equal payments in the amount of $19.67 each.

    f.    Commercial Loan Investment (Proof of Claim 13)

        Debtors shall pay Commercial Loan Investment $50,864.31 at an interest rate of 7.85% over a period of 20 years in 240 equal monthly payments of $420.71.  The first 60 payments will be paid through the plan, and the remaining 180 payments shall be made directly to Commercial Loan Investment by the Debtors with all liens being released upon the final payment.

    g.    Leaf Funding, Inc. (No Proof of Claim Filed)

        Debtors shall pay $6,500.00 to Leaf Funding Inc. over a period of 5 years at an interest rate of 5% in 60 equal payments of $42.90 per month.

  iii. Annual payments:

        No annual payments aside from those contemplated in part B are included in this plan.

  iv.   Property to be surrendered:

    a.    Debtors do not anticipate surrendering any property during the plan.

  v.    Claims to be objected to if not otherwise resolved:

    a.    None at this time.

D. <u>Leases and Executory Contracts</u>

    a.    None at this time.

E. <u>Unsecured Creditors:</u>

After administrative payments and dividends to the above-stated creditors are made, if available, dividends shall be made to the unsecured creditors whose claims are timely filed, unless an objection to their claim has been sustained, from the balance remaining.  Debtors estimate that the unsecured creditors will receive one percent (1.0%) of their claim.  However, that is just an estimate and is not intended to be a guaranteed fixed amount to be paid to the unsecured creditors.

III. <u>FEASABILITY</u>

   Debtors have been involved in farming operations for many years. They expect to produce an amount sufficient to fund the Plan. Though, their operation is very much dependent upon the variables not within their control, such as market price and operational costs. Debtors have planted and maintained their crops just the same as in years past and expect to harvest, as usual, this year as well. Debtors also receive social security income and royalty payments from gas wells on the property.

IV. <u>LIQUIDATION ANALYSIS</u>

   This Plan produces a better return for unsecured creditors than a Chapter 7 liquidation would produce. The estimated pool for unsecured creditors in this case is approximately $3,000.00, which produces an approximate dividend of 1.0%. If Debtors non-exempt assets were liquidated and the net proceeds paid to the Trustee, the approximate pool for unsecured creditors would be negligible.

V. <u>MISCELLANEOUS</u>

   1. The amounts to be paid in accordance with this Plan shall represent the full and complete payment for all unsecured pre-petition debts, including tax obligations, and upon completion of this Plan, the Debtors shall not be legally for any such pre-petition debts.

   2. Creditors shall retain, except as modified by the Court for particular creditors, any liens which they have on Debtors' property until the Debtors' obligations to each such creditor have been fulfilled in accordance with this Plan.

   3. Unsecured and priority creditors that have not filed a proof of claim on or before the "bar date" set by the Bankruptcy Court shall not be entitled to any distribution under this Plan, and all obligations to them shall cease upon discharge of the Debtors upon completion of this Plan.

   4. The effective date of this Plan shall be the date of the Order confirming the same.

   5. The title to the Debtors' property shall remain with the Debtors.

                                            Respectfully submitted,

Date: <u>May 16, 2019</u>                s/Brian C. Thompson
                                            Brian C. Thompson, Esquire
                                            PA I.D. # 91197
                                            Thompson Law Group, P.C.
                                            125 Warrendale-Bayne Road, Suite 200
                                            Warrendale, PA 15086
                                            724-799-8404 Telephone
                                            724-799-8409 Facsimile
                                            bthompson@thompsonattorney.com