**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 19-10095-TPA |
| | : | |
| LARRY E. CHARLES, | : | Chapter 12 |
| SHIRLEY M. CHARLES, | : | |
| | : | Document No. |
| Debtors. | : | |

**DISCLOSURE STATEMENT**
**TO ACCOMPANY PLAN DATED MAY 16, 2019**

Debtor furnishes this disclosure statement to creditors in the above-captioned matter to assist them in evaluating Debtor's proposed Chapter 12 plan, a copy of which is attached hereto.

**I.    Background**

**1.    Name of Debtors**

Larry E. Charles and Shirley M. Charles

**2.    Type of Debtor**

Debtors are individuals.

**3.    Debtor's Business or Employment**

Debtors are engaged in dairy farming in Crawford County.

**4.    Date of Chapter 12 Filing:**

Debtor filed its Chapter 12 Bankruptcy on February 4, 2019.
.

**5.    Events that Caused the Filing:**

The Debtors initiated this Chapter12 in response to the failure of their previous chapter 12 filing and to reorganize after the surrender of some of their real estate that had hindered their ability to reorganize successfully in their previous filing.

**6.    Anticipated Future of the Debtor's Farming Operation and Source of this Information and Opinion:**

Debtors have significantly reduced their expenses by surrendering property they could not afford. Debtors have increased mild production from their dairy operations as well. Debtors have sought to supplement their income and will be able to fund the Plan from these sources.

**7.    Summarize all Significant Features of the Plan Including When and How Each Class of Creditor Will Be Paid and What, If Any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan**

A. Administrative Claims.

Administrative payments to the Chapter 12 Trustee shall be consistent with the United States Bankruptcy Code, Unites States Trustee's Guidelines, and only upon prior approval of the Bankruptcy Court. An administrative payment or payments to Thompson Law Group, P.C. for any balance of compensation and reimbursement of costs and expenses as approved by the Bankruptcy Court. The disbursement schedule provided to the Chapter 12 Trustee will allow for estimated attorney's fees. Thompson Law Group, P.C. estimates that it will be requesting approximately $35,000.00 to be paid through the Plan. Any amount approved shall be paid in accordance with the Bankruptcy Code and as directed by the Court on a monthly and annual basis, or as directed by further order of Court, as funds become available until all approved fees have been paid in full.

B. Secured Tax Claims Venango County Tax Claim Bureau (Proof of Claim 4).

Venango County Tax Claim Bureau holds secured tax liens against Debtors' real property. Debtors shall pay Venango County Tax Claim Bureau its claims according to the following terms:

      i.      County 2013 through 2018 tax years: $13,165.21 at 5.25% over 60 months with monthly payments of $187.63 each.

      ii.      City/Borough/TWP 2013 through 2018 tax years: $2,377.98 at 5.25% over 60 months with monthly payments of $33.89 each.

      iii.      School 2013 through 2018 tax years: $40,191.66 at 5.25% over 60 months with monthly payments of $572.79 each.

C.  <u>Secured Creditors</u>

    a.    CNH Industrial Capital America, LLC (Proof of Claim 6)

CNH Industrial Capital America, LLC holds a security interest in Debtors' 2009 Case IH Magnum Tractor 275 (serial number Z9RZ02084), having a fair market value of $62,000.00. Debtors shall pay CNH Sixty-Two Thousand Dollars ($62,000.00), payable at 4% interest as follows: $847.47 each month for 84 months.

    b.    CNH Industrial Capital America, LLC (Proof of Claim 7).

CNH Industrial Capital America, LLC holds a security interest in Debtors' Case 420 skid loader, having a fair market value of $1,000.00.

CNH Industrial Capital America, LLC holds a security interest in farm equipment (2006 Case 420 Skid Steer Loader Serial Number NGM412640) as listed on Debtors' Schedules. Debtors shall pay CNH One Thousand Dollars and No Cents ($1,000.00), payable at 4% interest as follows. $18.42 each month for 60 months.

    c.    Farm Service Agency (Proof of Claim 2).

Farm Service Agency holds a security interest in Debtors' real property. Debtors shall pay the secured claim in the amount of $117,153.14, which includes $100,639.23 of principal and $16,513.91 of interest through February 4, 2019, over a 15 year period at the FSA June 2015 rate of 2.375%, in 180 equal monthly payments of $774.29. The first 60 payments will be paid

through the plan, and the remaining 120 payments owed to Farm Service Agency shall be made directly to Farm Service Agency by the Debtors with all liens being released upon the final payment.

      d.      Commercial Loan Investment (Proof of Claim 13)

Commercial Loan Investment holds a security interest in the Debtor's Real Property. Debtors shall pay Commercial Loan Investment $50,864.31 at an interest rate of 7.85% over a period of 20 years in 240 equal monthly payments of $420.71.  The first 60 payments will be paid through the plan, and the remaining 180 payments shall be made directly to Commercial Loan Investment by the Debtors with all liens being released upon the final payment.

      e.      Wells Fargo Financial Leasing (No Proof of Claim filed)

Debtors shall pay Wells Fargo in the total amount $1,180.00 on a purchase option for equipment, with 60 equal payments in the amount of $19.67 each.

      f.      Leaf Funding Inc. (No Proof of Claim Filed)

Debtors shall pay $6,500.00 to Leaf Funding Inc. over a period of 5 years at an interest rate of 5% in 60 equal payments of $42.90 per month.

    D.  Priority Tax Creditors

      a.      Internal Revenue Service (Proof of Claim 5)

The priority clam of the Internal Revenue Service in the amount of $4,093.74 shall be paid over 5 years at 0% interest in 5 annual payments of $818.75 each.

      b.      Pennsylvania Department of Revenue (Proof of Claim 1)

The priority unsecured claim of the Pennsylvania Department of Revenue in the amount of $519.59  be paid over 5 years at 0% interest in 5 annual payments of $103.92 each

    E.  General Unsecured Claims

After administrative payments and dividends to the above-stated creditors are made, if available, dividends shall be made to the unsecured creditors whose claims are timely filed, unless an objection to their claim has been sustained, from the balance remaining. Debtors estimate that the unsecured creditors will receive one percent (1.0%) of their claim. However, that is just an estimate and is not intended to be a guaranteed fixed amount to be paid to the unsecured creditors.

**8.    Are All Monthly Operating Statements Current and on File with the Clerk of Court?**

    Yes _X_ No _____

**If Not, Explain:**

**9.    Does the plan provide for releases of non-debtor parties? Specify which parties and terms of release.**

    No.

**10.    Identify all executory contracts that are to be assumed, assumed and assigned, or rejected.**
    None.

**11.    Has a bar date been set?**

Yes, proofs of claim due by April 15, 2019 and May 13, 2019 to oppose dischargeability.

**II.    Comparison with Chapter 7 Liquidation**

    If Debtors' proposed plan is not confirmed, the potential alternatives would include proposal of a different plan, dismissal of the case or conversion of the case to Chapter 7. If this case is converted to Chapter 7, a trustee will be appointed to liquidate the debtors' non-exempt assets. In this event, all secured claims and priority claims, including all expenses of administration, must be paid in full before any distribution is made to unsecured claimants.

|  |  |
|---|---:|
| Total value of Chapter 7 estate (See Section III) | $307,950.00 |
| 1. Less secured claims (See Section IV) | $586,477.81 |
| 2. Less exemptions from Schedule C | $ 54,729.63 |
| 3. Less administrative expenses (See IV) | $ 35,000.00 |

    4.  (Estimated and not including costs of sale/liquidation).
    5.  Less other priority claims (See IV)                    $0.00

Total Amount Available for Distribution to Unsecured Creditors:      $0

Divided by total allowable unsecured claims                     $ 0

Percentage of Dividend to Unsecured Creditors:                 0%

Will the creditors fare better under the plan than they would in a Chapter 7 liquidation?

         Yes   X           No         

Explain:        Liquidation under chapter 7 would result in no distributions to some creditors as compared to those provided for in this Plan because of the costs and fees of administering a liquidation of Debtors' assets.  Additionally, if a plan is not confirmed, the secured creditors will sell the property of the estate or repossess the equipment resulting in no distribution to any other creditors.  The Plan not only preserves the best value of the Estate, it also provides for the most effective administration of the Debtors' assets.

## VI. **Feasibility**

        Debtors have been involved in farming operations for many years.  They expect to produce an amount sufficient to fund the Plan.  Though, their operation is very much dependent upon the variables not within their control, such as market price and operational costs.  Debtors have significantly increased their milk production from approximately 1,200lbs to 2,700 lbs and with the price of milk product projected to remain at or above the current $18 per cwt the proceeds from milk production should increase accordingly.  Debtors have planted and maintained their crops just the same as in years past and expect to harvest, as usual, this year as well.  Debtors also receive social security income and royalty payments from gas wells on the property.  Debtor Larry Charles has obtained part time employment as a bus driver for disabled

children that provides additional income as well.  Debtors have surrendered various pieces of farm equipment to further reduce their expenses.

Date: May 23, 2019 /s/Brian C. Thompson, Esquire
Brian C. Thompson, Esquire
PA-91197
THOMPSON LAW GROUP, P.C.
125 Warrendale-Bayne Road, Suite 200
Warrendale, PA 15086
724-799-8404 Telephone
724-799-8409 Facsimile
bthompson@thompsonattorney.com