IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 19-10095-TPA |
| | : | |
| LARRY E. CHARLES, | : | Chapter 12 |
| SHIRLEY M. CHARLES, | : | |
| | : | Document No. |
| Debtors. | : | |

## AMENDED CHAPTER 12 PLAN DATED AUGUST 16, 2019

I. PLAN FUNDING

Debtors propose a sixty (60) month Plan. The Plan will be funded from the revenue generated from Debtors' farming operation, which currently consists of the production and sale of dairy product. Debtors shall make sixty monthly (60) payments to the Chapter 12 Trustee in the amount of $2,935.

Plan shall commence on August 1, 2019.

II. DISTRIBUTION

The Chapter 12 Trustee shall distribute the plan funding in accordance with the following disbursements:

A. Administrative

1. Administrative payments to the Chapter 12 Trustee shall be consistent with the United States Bankruptcy Code, Unites States Trustee's Guidelines, and only upon prior approval of the Bankruptcy Court.

2. An administrative payment or payments to Thompson Law Group, P.C. for any balance of compensation and reimbursement of costs and expenses as approved by the Bankruptcy Court. The disbursement schedule provided to the Chapter 12 Trustee will allow for estimated attorney's fees. Thompson Law Group, P.C. estimates that it will be requesting approximately $35,000.00 to be paid through the Plan. Any amount approved shall be paid in accordance with the Bankruptcy Code and as directed by the Court on a monthly and annual basis, or as directed by further order of Court, as funds become available until all approved fees have been paid in full.

B. Priority creditors

1. Internal Revenue Service (Claim No. 5 )

The priority clam of the Internal Revenue Service in the amount of $3,641.30 shall be paid

over 5 years at 0% interest in 60 monthly payments of $60.69 each.

C. <u>Secured creditors</u>

Dividends shall be paid by the Chapter 12 Trustee to the following secured creditors as Plan funds are available. Said amounts shall be controlling unless a party successfully objects to the Plan.

i. Monthly payments:

    a.    CNH Industrial Capital America, LLC (Proof of Claims 6 & 7).

CNH Industrial Capital America, LLC holds a security interest in Debtors' Case 420 skid loader, having a fair market value of $1,000.00.

CNH Industrial Capital America, LLC holds a security interest in farm equipment (2006 Case 420 Skid Steer Loader Serial Number NGM412640) as listed on Debtors' Schedules. Debtors shall pay CNH Three Thousand Dollars and No Cents ($3,000.00), payable at 6.25% interest as follows. $58.35 each month for 60 months.

The equipment that is collateral for CNH Industrial Capital America, LLC Proof of Claim 6 shall be surrendered on October 1, 2019.

    b.    Venango County Tax Claim Bureau (Proof of Claim 4).

Venango County Tax Claim Bureau holds secured tax liens against Debtors' real property. Debtors shall pay Venango County Tax Claim Bureau its claims according to the following terms:

    i.    $56,500.90 at 9% for 120 months, at $715.73 per month (first 60 months as part of Debtors' Plan, then 60 months directly by Debtors.)

    d.    Farm Service Agency (Proof of Claim 2)

USDA, Farm Service Agency (FSA) is a secured creditor herein. The allowed claim of FSA in the amount of $117,153.14 will be modified as follows:
Loan 44-06: $99,705.79 will be re-amortized over 15 years at 5.0% interest for a monthly payment of $800.00 beginning the month following Plan confirmation.
Loan 44-07: $17,447.35 will be re-amortized over 15 years at 5.0% interest for a monthly payment of $150.00 beginning the month following Plan Confirmation.

    e.    Fairport Asset Management II, LLC (Proof of Claim 13)

Debtors shall pay Fairport Asset Management II $50,864.31 at an interest rate of 6% over a period of 15 years in 180 equal monthly payments of $429.22. The first 60 payments will be paid through the plan, and the remaining 120 payments shall be made directly to Fairport Asset Management II, by the Debtors with all liens being released upon the final payment.

      iii. Annual payments:

        No annual payments are included in this plan.

   iv. Property to be surrendered:

     1. CNH Industrial Capital America, LLC (Proof of Claim 6).

       CNH Industrial Capital America, LLC holds a security interest in Debtors' 2009 Case IH Magnum Tractor 275 (serial number Z9RZ02084). Property will be surrendered on October 1, 2019.

     2. Any collateral supporting a pre-petition secured debt that is not provided for in this Plan shall be surrendered and treated as a general unsecured claim.

   v. Claims to be objected to if not otherwise resolved:

     a. None at this time.

D. Leases and Executory Contracts

     a. None at this time.

E. Unsecured Creditors:

After administrative payments and dividends to the above-stated creditors are made, if available, dividends shall be made to the unsecured creditors whose claims are timely filed, unless an objection to their claim has been sustained, from the balance remaining. Debtors estimate that the unsecured creditors will receive one percent (1.0%) of their claim. However, that is just an estimate and is not intended to be a guaranteed fixed amount to be paid to the unsecured creditors.

## III. FEASABILITY

Debtors have been involved in farming operations for many years. They expect to produce an amount sufficient to fund the Plan. Though, their operation is very much dependent upon the variables not within their control, such as market price and operational costs. Debtors have improved their dairy farm operations by introducing better feed regimens and expect to produce more milk this year as well. Debtors also receive social security income, wages from employment, and royalty payments from gas wells on the property. See attached projections for more detailed information.

## IV. LIQUIDATION ANALYSIS

This Plan produces a better return for unsecured creditors than a Chapter 7 liquidation would produce. The estimated pool for unsecured creditors in this case is approximately $3,000.00, which produces an approximate dividend of 1.0%. If Debtors non-exempt assets were liquidated and the net proceeds paid to the Trustee, the approximate pool for unsecured creditors would be negligible.

V. <u>MISCELLANEOUS</u>

1. The amounts to be paid in accordance with this Plan shall represent the full and complete payment for all unsecured pre-petition debts, including tax obligations, and upon completion of this Plan, the Debtors shall not be legally for any such pre-petition debts.

2. Creditors shall retain, except as modified by the Court for particular creditors, any liens which they have on Debtors' property until the Debtors' obligations to each such creditor have been fulfilled in accordance with this Plan.

3. Unsecured and priority creditors that have not filed a proof of claim on or before the "bar date" set by the Bankruptcy Court shall not be entitled to any distribution under this Plan, and all obligations to them shall cease upon discharge of the Debtors upon completion of this Plan.

4. The effective date of this Plan shall be the date of the Order confirming the same.

5. The title to the Debtors' property shall remain with the Debtors.

                                              Respectfully submitted,

Date: <u>August 16, 2019</u>              <u>/s/Brian C. Thompson</u>
                                              Brian C. Thompson, Esquire
                                              PA I.D. # 91197
                                              Thompson Law Group, P.C.
                                              125 Warrendale Bayne Road, Suite 200
                                              Warrendale, PA 15086
                                              724-799-8404 Telephone
                                              724-799-8409 Facsimile
                                              bthompson@thompsonattorney.com