**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 19-10095-TPA |
| | : | |
| LARRY E. CHARLES, | : | Chapter 12 |
| SHIRLEY M. CHARLES, | : | |
| | : | Document No. |
| Debtors. | : | |

## SECOND AMENDED CHAPTER 12 PLAN DATED SEPTEMBER 12, 2019

I. PLAN FUNDING

Debtors propose a sixty (60) month Plan. The Plan will be funded from the revenue generated from Debtors' farming operation, which currently consists of the production and sale of dairy product. Debtors shall make sixty monthly (60) payments to the Chapter 12 Trustee in the amount of $3,072.00.

Plan shall commence on August 1, 2019.

II. DISTRIBUTION

The Chapter 12 Trustee shall distribute the plan funding in accordance with the following disbursements:

A. Administrative

1. Administrative payments to the Chapter 12 Trustee shall be consistent with the United States Bankruptcy Code, Unites States Trustee's Guidelines, and only upon prior approval of the Bankruptcy Court. The Chapter 12 Trustee's monthly payment is $153.50.

2. An administrative payment or payments to Thompson Law Group, P.C. by the Trustee for any balance of compensation and reimbursement of costs and expenses as approved by the Bankruptcy Court. The disbursement schedule provided to the Chapter 12 Trustee will allow for estimated attorney's fees. Thompson Law Group, P.C. estimates that it will be requesting approximately $35,000.00 to be paid through the Plan. Any amount approved shall be paid by the Trustee in accordance with the Bankruptcy Code and as directed by the Court on a monthly and annual basis, or as directed by further order of Court, until all approved fees have been paid in full. Thompson Law Group's monthly payment is $583.33.

B. Priority creditors

1. Internal Revenue Service (Claim No. 5).

The priority clam of the Internal Revenue Service in the amount of $3,641.30 shall be paid by the Trustee over 5 years at 0% interest in 60 monthly payments of $60.69 each.

C. <u>Secured creditors</u>

Dividends shall be paid by the Chapter 12 Trustee to the following secured creditors as Plan funds are available. Said amounts shall be controlling unless a party successfully objects to the Plan.

    i. Monthly payments:

        a. CNH Industrial Capital America, LLC (Proof of Claims 6 & 7).

        CNH Proof of Claim 6: The Case IH Tractor that is collateral for CNH Industrial Capital America, LLC's Proof of Claim 6 shall be surrendered on or after October 1, 2019 as more fully described below.

        The following language from the Agreed Order entered on August 30, 2019 at Document No. 131 between CNH, Trustee and Debtors, as it relates to the CNH Motion for Relief, shall be fully incorporated herein as summarized below:

        Debtors may retain the Tractor until October 1, 2019 and shall surrender it to CNH promptly upon request on or after October 1, 2019. In the meantime, Debtors shall insure the Tractor and maintain it in good operating condition at 28762 Deckards Road, Cochranton, PA 16314. Debtors shall permit CNH or its agents to enter their property to remove the Tractor when it is required to be surrendered hereunder.

        CNH Proof of Claim 7: CNH Industrial Capital America, LLC holds a security interest in farm equipment (2006 Case 420 Skid Steer Loader Serial Number NGM412640) as listed on Debtors' Schedules having a fair market value of $1,000.00. Trustee shall pay CNH Three Thousand Dollars and No Cents ($3,000.00), payable at 6.25% interest in equal monthly payments of $58.35 (inclusive of interest) each month for 60 months.

        CNH shall have an allowed secured claim in the amount of $3,000, and shall have an allowed unsecured claim as to the balance of CNH's Claim No. 7.

        b. Venango County Tax Claim Bureau (Proof of Claim 4).

        Venango County Tax Claim Bureau holds secured tax liens against Debtors' real property. Proof of Claim 4 shall govern and control with total payments of $56,500.90 being paid at 9% interest for 120 months as more specifically described below

            i. For parcel number 02, 002. -002..-000 A.V.: 7430 consisting of 17 acres vacant land, the Debtor shall pay $1,461.50 at 9% interest for 120 months with equal monthly payments of $18.51 (inclusive of interest). The Trustee shall pay the first 60 months through the Plan, and the Debtor shall pay the remaining 60 monthly payments thereafter to Venango County Tax Claim Bureau directly according to those same terms.

    ii.    For parcel number 02, 002. -009..-000 A.V.: 259620 consisting of 67.31 acres with improvements, the Debtor shall pay $51,459.78 at 9% interest for 120 months with equal monthly payments of $651.87 (inclusive of interest). The Trustee shall pay the first 60 months through the Plan, and the Debtor shall pay the remaining 60 monthly payments thereafter to Venango County Tax Claim Bureau directly according to those same terms.

    iii.    For parcel number 02, 002. -015..-000 A.V.: 16420 consisting of 27.35 acres vacant land, the Debtor shall pay $3,579.62 at 9% interest for 120 months with equal monthly payments of $45.35 (inclusive of interest). The Trustee shall pay the first 60 months through the Plan, and the Debtor shall pay the remaining 60 monthly payments thereafter to Venango County Tax Claim Bureau directly according to those same terms.

    d.    Farm Service Agency (Proof of Claim 2).

USDA, Farm Service Agency (FSA) is a secured creditor herein. The allowed claim of FSA in the amount of $117,153.14 will be modified as follows:
Loan 44-06: $99,705.79 will be re-amortized over 15 years at 5.0% interest for a monthly payment of $800.00 (inclusive of interest) beginning the month following Plan confirmation. The Trustee shall make the payments for the first 60 months, with Debtors making direct payments to FSA thereafter.

Loan 44-07: $17,447.35 will be re-amortized over 15 years at 5.0% interest for a monthly payment of $150.00 (inclusive of interest) beginning the month following Plan Confirmation. . The Trustee shall make the payments for the first 60 months, with Debtors making direct payments to FSA thereafter.

Debtors also agree to the following terms:

Due to the accrual of interest at the note rate from the petition date until Plan confirmation, FSA shall provide to the Trustee a statement of account showing the balance due as of the date the Plan is confirmed and the amount of the actual monthly payment to be paid by the Trustee for the duration of the 60-month plan. After the 60-month plan, the Debtors will make monthly payments, as per the terms and rates set forth in this Plan, directly to FSA until the debt is paid in full, with all liens being released within a reasonable time after the final payment.

The Debtors shall execute such other and further loan documentation as shall be reasonably required by FSA which shall be consistent with the terms of this Plan. In addition, FSA shall have and be permitted a valid, binding, enforceable and perfected continuing replacement, rollover lien and security interest in all collateral in which it holds security interest pursuant to its existing loan documents with the Debtors, and such liens shall be deemed valid and perfected to the extent of FSA's pre-petition perfection as of the date of the confirmation of the Plan by the Court, without the need for execution or filing of any further documents or instruments that would otherwise be required pursuant to applicable non-bankruptcy law.

Further, pursuant to the terms of the security agreement, Debtors agree to provide FSA any additional documentation required, and to pay the cost(s), for

filing a UCC continuation statement and/or renewing a lien on vehicles with titles, should it become necessary for FSA to do so during the pendency of the Plan. FSA will notify the Debtors of the need of such in writing. If Debtors fail to timely (in FSA's sole judgment) pay the cost(s), FSA will pay it and charge the amount to Debtors' account, and the amount will then accrue interest at the rate set out in Debtors' oldest outstanding promissory note associated with that security. The next Plan payment received by FSA after paying the cost(s) will be applied first against the cost(s) and then against the Plan payment, but such application will not cause the Debtors to be considered delinquent in Plan payments.

    e.    Fairport Asset Management II, LLC (Proof of Claim 13)

Fairport Asset Management II, LLC ("Fairport") shall be paid $50,864.31, together with post-petition interest, fees and costs permitted under 11 U.S.C. §506(b), with interest at a rate of 7.85% over a period of 14 years in 168 equal monthly payments of $499.90 (inclusive of interest). Any remainder due and owing shall be paid at the end of the term. The first 60 monthly payments will be paid by the Trustee through the plan, and the remaining 108 payments shall be made directly to Fairport by the Debtors. All liens of Fairport shall be retained until payment in full of the claim. Debtors shall maintain insurance on the real estate securing Fairport's claim at all times.

Upon Debtors' failure to make any Plan payment to the Trustee when due after confirmation or upon Debtors' failure to maintain insurance on the property Fairport shall provide the Trustee and Debtors with notice of the default, with a copy to the trustee and to Debtors' counsel, and Debtors shall have a period of ten (15) days from the date of the notice to cure such default. If the default is not cured, Fairport may move the Court for dismissal of the case or relief from the automatic stay, which relief shall be deemed to be consented to by the Debtors.

  iii.  Annual payments:

No annual payments are included in this plan.

  iv.  Property to be surrendered:

1. CNH Industrial Capital America, LLC (Proof of Claim 6).

CNH Industrial Capital America, LLC holds a security interest in Debtors' 2009 Case IH Magnum Tractor 275 (serial number Z9RZ02084). Per the Agreed Order of Court entered on August 30, 2019 at Document No. 131, this tractor will be surrendered on or after October 1, 2019. The terms of the August 30, 2019 Agreed Order are incorporated herein.

2. Any collateral supporting a pre-petition secured debt that is not provided for in this Plan shall be surrendered and treated as a general unsecured claim.

  v.  Claims to be objected to if not otherwise resolved:

    a.    None at this time.

    D. <u>Leases and Executory Contracts</u>

        a.    None at this time.

    E. <u>Unsecured Creditors:</u>

After administrative payments and dividends to the above-stated creditors are made, if available, dividends shall be made to the unsecured creditors whose claims are timely filed, unless an objection to their claim has been sustained, from the balance remaining. Debtors estimate that the unsecured creditors will receive two and nine tenths percent (2.9%) of their claim. However, that is just an estimate and is not intended to be a guaranteed fixed amount. The monthly payment for unsecured creditors is $50.00.

III. <u>FEASABILITY</u>

Debtors have been involved in their dairy farming operations for many years. They expect to produce an amount of dairy milk sufficient to fund the Plan. Though, their operation is very much dependent upon the variables not within their control, such as market price (improved from prior years) and operational costs. Debtors have enhanced their dairy farm operations by introducing better feed regimens and expect to produce more milk this year as well. Debtors have also surrendered their prior home and farm equipment to reduce expenses. Debtors also receive social security income, wages from employment, and royalty payments from gas wells on the property. See attached projections for more detailed information.

IV. <u>LIQUIDATION ANALYSIS</u>

This Plan produces a better return for unsecured creditors than a Chapter 7 liquidation would produce. The estimated pool for unsecured creditors in this case is approximately $3,000.00, which produces an approximate dividend of 1.0%. If Debtors non-exempt assets were liquidated and the net proceeds paid to the Trustee, the approximate pool for unsecured creditors would be negligible.

V. <u>MISCELLANEOUS</u>

1. The amounts to be paid in accordance with this Plan shall represent the full and complete payment for all unsecured pre-petition debts, including tax obligations, and upon completion of this Plan, the Debtors shall not be legally for any such pre-petition debts.

2. Creditors shall retain, except as modified by the Court for particular creditors, any liens which they have on Debtors' property until the Debtors' obligations to each such creditor have been fulfilled in accordance with this Plan.

3. Unsecured and priority creditors that have not filed a proof of claim on or before the "bar date" set by the Bankruptcy Court shall not be entitled to any distribution under this Plan, and all obligations to them shall cease upon discharge of the Debtors upon completion of this Plan.

4. The effective date of this Plan shall be the date of the Order confirming the same.

5. The title to the Debtors' property shall remain with the Debtors.

                                            Respectfully submitted,

Date:  September 12, 2019              /s/Brian C. Thompson
                                                        Brian C. Thompson, Esquire
                                                        PA I.D. # 91197
                                                        Thompson Law Group, P.C.
                                                        125 Warrendale Bayne Road, Suite 200
                                                        Warrendale, PA 15086
                                                        724-799-8404 Telephone
                                                        724-799-8409 Facsimile
                                                        bthompson@thompsonattorney.com