**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: Larry E. Charles, | : | Bankruptcy No. 19-10095-TPA |
| Shirley M. Charles, | : | |
| | : | |
| Debtors. | : | |
| _____ | : | Chapter 12 |
| Larry E. Charles, | : | |
| Shirley M. Charles, | : | |
| | : | |
| Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| No Respondents | : | |
| | : | |
| Respondent. | : | |

**CONSENT CHAPTER 12 PLAN CONFIRMATION ORDER
SETTING DEADLINES FOR CERTAIN ACTIONS**

*AND NOW,* this ____ day of _____, **20___,** following a duly-noticed *Pre-Confirmation Hearing* held in regards to the *Chapter 12 Plan* filed at Doc. No. __ by the Debtor(s) and dated _____ ("Plan"), it is hereby **ORDERED, ADJUDGED,** and **DECREED** that, *effective _____, 20____,*

(1)The *Chapter 12 Plan* is **CONFIRMED** and the key terms of the *Plan* are **APPROVED** as follows:

(a) The *Plan* is for a term of 60 months.

(b) The regular monthly payment due under the *Plan* is $3,072.00 and is directly payable to the Chapter 12 Trustee unless otherwise noted below.

(c) Monthly payments shall commence as of August 1, 2019.

(d) Distributions shall be made by the Chapter 12 Trustee from the monthly payment amount referred to in Paragraph 1(b), above, in the amount(s) set forth below, and without waiver of her duties as referred to in Paragraph 11,below. ***The Chapter 12 Trustee shall make Plan distributions no later than the 21st day of the month in which Plan payments are made to her.*** If for any

reason the above referred to monthly payment is deficient (in addition to notifying the Court pursuant to Paragraph 11, below, if the deficiency continues for more than 14 days) the Chapter 12 Trustee is authorized to make payments according to the Priorities set forth below, beginning with item (d)(i) and continuing until funds are exhausted. In the event the Trustee receives additional Plan payments after exhausting previous funds on hand, the Trustee shall distribute those funds as of the 21st day of the following month, first remitting the balance of any Plan payment previously due to any creditor not receiving a prior month's full and complete Plan payment before disbursing the remaining funds according to the following "waterfall" of Priorities, until those new funds are exhausted and thereafter continuing this procedure as new Plan payments are received.

(i) To the Chapter 12 Trustee for her estimated fees and expenses in the amount of $153.50 per month, held by the Trustee in escrow pending further Court Order on approval of fees and expenses;

(ii) To the Debtors' attorney for estimated fees and expenses in the amount of $583.33 per month, to be held by the Trustee in escrow pending further Court Order on approval of fees and expenses;

(iii) To *Internal Revenue Service* in the amount of $3,641.30 at 0% interest, payable for 60 months at $60.69 per month.

(iv) To *CNH Industrial Capital* in the amount of $58.35 per month for 60 months, for the payment of the allowed $3,000.00 secured claim held by the creditor (claim no. 7). The balance of claim 7 shall be treated as an allowed unsecured claim. The collateral for Claim No. 6 shall be surrendered as per the terms of the August 30, 2019 agreed order at docket number 131.

(v) To *Venango County Tax Claim Bureau* on the secured tax lien against Debtors' real property, in the amount of $56,500.90 at an interest rate of 9%, payable over 120 months at $715.73 per month (60 months as part of Debtors' Plan, then 60 months directly by Debtors.)

(vi) To *Farm Service Agency,* on the secured claims against Debtors' farm real estate, in the amount of $117,153.14 at an interest rate of 5%, payable over fifteen (15) years as follows:

    a) loan 44-06: $800.00 per month beginning the month following Plan confirmation

    b) loan 44-07: $150.00 per month beginning the month following Plan confirmation

(vii) To *Fairport Asset Management II, LLC* for the secured claim against Debtors' farm real estate in the amount of $50,864.31 at an interest rate of 7.85% over 14 years, at $499.90 per month. The first 60 payments shall be paid through Debtors' Plan, and the remaining 108 payments to be made by Debtors directly to Fairport Asset Management, II, LLC.

(2) All Stipulations approved by the Court prior to the date of this Order and relating to this Confirmed Plan are included herein and specifically made a part hereof.

(3) If the *Plan* contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (3) days hereof. The liquidation process shall not exceed one year without a showing of exceptional circumstances upon further Order of Court.

(5) Debtor(s)' counsel must review all proofs of claim within thirty (30) days after the claims bar date. All objections to pre-petition claims shall be filed within ninety (90) days after the claims bar date and allowing at least thirty (30) days for a response prior to hearing.

(6) All actions to determine the priority, avoidability, or extent of liens, as well as all actions pursuant to *11 U.S.C. §§ 506, 507,* and *522* shall be filed within ninety (90) days after the claims bar date.

(7) The Debtor(s) shall file an *Amended Plan:*

(a) *Within fourteen (14) days* following any Order of Court resolving the priority, avoidability, or extent of a lien, or any objection to claim providing for the allowed amount of the claim if the allowed amount differs from the amount stated in the *Plan;*

(b) *Within fourteen (14) days* after the claims bar date in the event no objection is filed and the claims as filed, cause the *Plan* to be underfunded; and,

(c) *Within thirty (30) days* following the claims objection deadline, to conform to the claims filed or otherwise allowed.

(8) If the *Plan* expressly seeks to modify the terms of payment to any creditor pursuant to *11 U.S.C. § 1222(b)(2),* nothing in this Order shall be construed to change the payment terms established in the *Plan, however,* unless the creditor expressly consents to the payment term plan modification, in order to trigger the payment term change, a separate court order to that effect must be obtained by the Debtor(s) upon filing the appropriate motion or adversary proceeding.

(9) Any creditor who files or amends a proof of claim shall immediately serve a copy of same on the Debtor(s), or if represented, Counsel for the Debtor(s), and the Chapter 12 Trustee.

(10) For purposes of payment changes due to variable interest rates, changes in escrow, or changes in monthly payments, as well as for additional fees and costs incurred relating to claims secured by a security interest in any real estate of the Debtor(s), in order to receive payment for the same, the creditor shall follow the requirements set forth in *Fed.R.Bankr.P. 3002.1.*

(11) In the event of a material *Plan* default, which, for purposes of this Paragraph, includes, among other things, anything which impairs the Trustee's ability to make the full monthly payment to all creditors, *within fourteen (14)* days' notice of the same, the Chapter 12 Trustee shall file a *Notice of Default and Request for Dismissal of the Case* ("Notice of Default"). A "material default"

occurs when, including but not limited to, the Debtor fails to make a Plan payment as required by this Order so as to impair, in any amount, the Trustee's ability to make full, complete, and timely monthly payments to *all* creditors in the amounts specified in this Order. A "Notice of Default" simply needs to identify the basis for the default along with a request for dismissal, following which time the Court will immediately issue an Order to Show Cause requiring the Debtor to appear and show cause why the case should not be dismissed The Chapter 12 Trustee is not precluded from raising pre-confirmation defaults in any subsequent motion to dismiss.

(12) In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, the Chapter 12 Trustee shall make no further disbursements to any creditor on account of any secured claim that is secured by the subject property, unless directed otherwise by further Order of Court.

(13) Any Objection to this Plan Confirmation Order must be filed *prior to the effective date* of the Plan. In the event any Objection is filed to the within Plan Confirmation Order prior to its effective date, except as to the requirement for the Debtor(s) to continue to make plan payments as set forth in Paragraph 1(b), above, the provisions set forth herein are *stayed* pending further Order of Court.

(14) The Debtor(s) shall *immediately* serve a copy of this Order on all interested parties and file a Certificate of Service within three (3) days of this Order.

                                                                            _____
                                                                            Thomas P. Agresti, Judge
                                                                            United States Bankruptcy Court

Consented to by:

/s/ Ronda J. Winnecour

Chapter 12 Trustee
600 Grant St. Suite 3250
Pittsburgh, PA 15219
412-471-5566
rwinnecour@chapter13trusteewdpa.com

/s/ Jill Locnikar
Assistant U.S. Attorney
Civil Division
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7429 (phone)
(412) 644-6995 (fax)
jill.locnikar@usdoj.gov



/s/ Kelly M. Neal
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
412 562 8338 (o)
412 953 7431 (c)
kelly.neal@bipc.com

/s/ David A. Scott
David A. Scott, Of Counsel
LeClaire Griewahn & Scott LLC
835 Western Avenue
Pittsburgh, PA 15233
Office: 412-321-9303
Cell:  412-580-0819